IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN N. WEST and PETER SHLOSKY, *individually, and on behalf of a Class of similarly situated individuals*, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 11-1259 |
| v. | ) ) | Judge Cathy Bissoon |
| CUNA MUTUAL INSURANCE SOCIETY, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

**I.    MEMORANDUM**

Pending before the Court is Defendant CUNA Mutual Insurance Society's Motion to Dismiss or, in the alternative, Motion to Strike (Doc. 9). For the reasons stated herein, the Court will grant Defendant's Motion to Dismiss Plaintiffs' putative class action claims, deny Defendant's Motion to Dismiss Plaintiffs' individual claims, and deny Defendant's alternative Motion to Strike as moot.

**BACKGROUND**

**A.  Factual Background**

Plaintiffs John N. West and Peter Shlosky brought this action, individually and on behalf of a class of similarly situated individuals, alleging wrongful denial and/or termination of credit disability benefits under insurance policies issued by Defendant CUNA Mutual Insurance Society. See Compl. (Doc. 1). Plaintiffs also allege that Defendant acted in bad faith in denying claims, refusing to reevaluate claims, and refusing to negotiate in good faith. See id.

At issue are insurance policies containing the following definition of "disability":

1

> During the first 12 consecutive months of disability means that a member is not able to perform substantially all of the duties of his occupation on the date his disability commenced because of a medically determined sickness or accidental bodily injury. After the first 12 consecutive months of disability, the definition changes and requires the member to be unable to perform any of the duties of his occupation or any occupation for which he is reasonably qualified by education, training or experience.

Compl. ¶ 8 (Doc. 1).

The same insurance policies were at issue in a prior class action, Meyer v. CUNA Mutual Group, No. 2:03-cv-602 (W.D. Pa.) (Conti, J.). On a motion for summary judgment, the district court in Meyer construed the meaning of "or" in the final clause of the "disability" definition. See Meyer, 2007 WL 2907276, at *7-10 (W.D. Pa. Sept. 28, 2007). The court found that "or" signified the presence of two alternatives, either of which may independently serve as a basis for disability. "[T]hus any claimant who meets the 'own occupation' standard or the 'any occupation' standard will be totally disabled within the meaning of the policy." Id. at *10.

The district court denied summary judgment "as to the remaining issues under the breach of contract claim, namely (1) which of the potential members is actually a member of the class, and (2) what are the damages for each class member." Id. at *11. The court subsequently decertified the class "because the remaining issues to be adjudicated do not satisfy the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) for class certification." Meyer, No. 2:03-cv-602, Order, Sept. 21, 2009 (Doc. 203) (Conti, J.).

On appeal, the Third Circuit affirmed the district court's interpretation of "or." Meyer v. CUNA Mutual Ins. Soc'y, 648 F.3d 154, 168 (3d Cir. 2011) ("Meyer II"). The Third Circuit vacated the district court's entry of injunctive relief, which is not relevant to the currently pending motion to dismiss in this case. Id. at 169-71. The plaintiff did not appeal the district court's decertification of the class. Id. at 171 n.18.

Plaintiffs in this case assert claims for breach of contract (Count I) and bad faith (Count II). In support of Plaintiffs' breach of contract claim, Plaintiffs allege that Defendant continues to deny benefits to insureds "[i]n clear defiance of the District Court's Order." Id. at ¶ 21. Specifically, Plaintiffs allege that the district court in Meyer already determined that "under the aforementioned policy language Class Members remain eligible for disability benefits so long as they are unable to return to their pre-injury occupation," and that "Defendant's refusal to pay benefits to these individuals constitutes a breach of the contract." Id. at ¶ 38.

In support of Plaintiffs' bad faith claim, Plaintiffs allege that, following the Third Circuit's decision, Defendant has rejected all of Plaintiffs' proposals to negotiate the claims of class members.[1] Compl. ¶ 19 (Doc. 1). Plaintiffs further allege that Defendant "had an affirmative obligation to reevaluate the claims of its insureds after the District Court's decision and the Third Circuit's affirmance." Id. ¶ 20. According to Plaintiffs, Defendant's rejections of Plaintiffs' proposals and Defendant's failure to reevaluate claims constitute bad faith under Pennsylvania law. Id. at ¶¶ 19-20, 40-41.

Defendant filed a Motion to Dismiss or, in the Alternative, Motion to Strike (Doc. 9). Defendant first asserts that, based on Meyer, "Plaintiffs are precluded, pursuant to the doctrine of collateral estoppel, from bringing their putative class action breach of contract claim." Mot. to Dismiss ¶ 1 (Doc. 9). Defendant further asserts that "Plaintiffs' putative class action statutory bad faith claim fails as a matter of law pursuant to controlling principles of Pennsylvania law, including, but not limited to, claim preclusion." Id. at ¶ 2. In the alternative, Defendant

---

[1] From Plaintiffs' Complaint in Class Action, it is unclear if Plaintiffs' reference to "proposals to negotiate the claims of the Class Members," Compl. ¶ 19 (Doc. 1), refers to members of the former class in Meyer, members of a potential class in this action, or something else.

"requests that this Court strike the class action allegations in the Complaint" pursuant to Federal Rule of Civil Procedure 12(f) or 23(d)(1)(D). Id. at ¶ 3.

## ANALYSIS

### A. Breach of Contract

Defendant argues that Plaintiffs' putative class action breach of contract claim is barred by the doctrine of collateral estoppel. Def.'s Br. 7-12 (Doc. 10). Pennsylvania law on collateral estoppel applies to this diversity jurisdiction action. Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc., 571 F.3d 299, 310 (3d Cir. 2009). Under Pennsylvania law:

> The doctrine of collateral estoppel precludes relitigation of an issue determined in a previous action if: (1) the issue decided in the prior case is identical to the one presented in the later action; (2) there was a final adjudication on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding; and (5) the determination in the prior proceeding was essential to the judgment.

Office of Disciplinary Counsel v. Kiesewetter, 889 A.2d 47, 50-51 (Pa. 2005). Plaintiffs argue that collateral estoppel does not apply because the issues decided in Meyer are not identical to the issues to be determined in this litigation.

Plaintiffs now seek to litigate, on a class-wide basis, what they characterize as a new issue of contract interpretation. From Plaintiffs' complaint and the parties' briefs on Defendant's motion to dismiss, it is apparent that the primary dispute in this action revolves around the phrase "any of the duties of his occupation" in the definition of disability. The Court agrees with Plaintiffs that the interpretation of this phrase was not determined in Meyer, in which the district court and court of appeals only interpreted the meaning of the word "or."

This Court, nonetheless, finds that collateral estoppel bars Plaintiffs from asserting their breach of contract claims as a class action. When the district court decertified the class in Meyer, the court found that "the remaining issues to be adjudicated do not satisfy the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) for class certification." Meyer, No. 2:03-cv-602, Order, Sept. 21, 2009 (Doc. 203) (Conti, J.). While the order decertifying the class in Meyer did not specifically identify "the remaining issues to be adjudicated," a review of the record in Meyer makes clear that the remaining issues for the breach of contract claim were Defendant's liability and damages for each potential class member. See Meyer, No. 2:03-cv-602, Permanent Injunction & Final Judgment, Sept. 21, 2009, at 1-2 (Doc. 203) (Conti, J.) (explaining that the court had "determined there remain triable issues of fact regarding only Defendant's potential liability for breach of contract"); Meyer, 2007 WL 2907276, at *11 (finding that material questions of fact existed as to "(1) which of the potential members is actually a member of the class, and (2) what are the damages for each class member"). In support of Defendant's motion to decertify in Meyer, Defendant argued that determination of liability requires application of the court's interpretation of the "Total Disability" definition to each class member's breach of contract claim, which cannot be done on a class-wide basis. Def.'s Br. in Support of Decertification in Meyer, No. 2:03-cv-602 (Doc. 179). When the district court in Meyer found that "the remaining issues to be adjudicated do not satisfy the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) for class certification," the court therefore must have determined that the application of the court's interpretation of the "Total Disability" definition to each class member's circumstances could not be done on a class-wide basis.

With respect to the district court's determination in <u>Meyer</u> of what issues did not satisfy the requirements of class certification, Plaintiffs challenge only the "identical issue" prong of the test for collateral estoppel. What Plaintiffs characterize as an issue of contract interpretation is identical to the issue of applying the contract language to determine if Defendant breached the contract. Unlike determining the meaning of "or," which was litigated in <u>Meyer</u>, this Court cannot "interpret" the meaning of "any of the duties of his occupation" without considering each potential class member's occupation. "Interpreting" this clause is no different than applying the clause to each potential class member to determine if Defendant is liable for breach of contract. The court in <u>Meyer</u> already determined that the issue of applying the definition of disability to each class member does not satisfy the requirements for class certification. The doctrine of collateral estoppel, therefore, bars Plaintiffs from asserting their breach of contract claims in a class action.[2]

While Defendant seeks dismissal of Plaintiffs' complaint in its entirety, <u>see</u> Proposed Order (Doc. 9-1), Defendant has provided no basis for dismissal of Plaintiffs West and Shlosky's individual breach of contract claims. Plaintiffs West and Shlosky, therefore, may pursue their individual breach of contract claims.

### B. Bad Faith

A bad faith claim against an insurer cannot exist without an underlying claim to enforce some right under an insurance policy. <u>Polselli v. Nationwide Mut. Fire Inc. Co.</u>, 126 F.3d 524, 530 (3d Cir. 1997) ("Initially, we observe that under the plain language of the statute, it is reasonably clear that a [42 Pa. C.S.] section 8371 claim may not be the sole claim of an

---

[2] Because interpreting "any of the duties of his occupation" would be meaningless outside the context of analyzing each class member's particular circumstances, class certification would be inappropriate, even if collateral estoppel did not bar Plaintiffs putative class action breach of contract claim.

insured."). Because this Court has determined that Plaintiffs may not pursue a class action breach of contract claim, Plaintiffs may not pursue a class action bad faith claim.

Plaintiffs West and Shlosky, however, may pursue individual claims for bad faith. Defendant asserts that the doctrine of claim preclusion bars Plaintiffs' bad faith claims, because the court in Meyer determined that Defendant adjudicated Plaintiffs' claims for benefits reasonably and in good faith. Def.'s Br. 13 (Doc. 10). Defendant's argument warrants little attention, as Plaintiffs' bad faith claims in this action relate to Defendant's conduct following the courts' decisions in Meyer. See Compl. ¶¶ 18-20 (Doc. 1). The courts in Meyer obviously could not have adjudicated issues related to conduct that occurred after their decisions. Plaintiffs' bad faith claims, therefore, are not barred by claim preclusion.[3]

**CONCLUSION**

For all of the reasons stated above, Defendant CUNA Mutual Insurance Society's Motion to Dismiss or, in the alternative, Motion to Strike (Doc. 9) is granted in part and denied in part. Defendant's Motion to Dismiss Plaintiffs' putative class action claims is granted. Defendant's Motion to Dismiss Plaintiffs' individual claims is denied. Defendant's alternative Motion to Stirke is denied as moot.

---

[3] Defendant in its reply brief (Doc. 15) addresses the merits of the alleged bad faith conduct following the decision in Meyer. These arguments raise issues of fact, and this Court declines to convert Defendant's motion to dismiss to a motion for summary judgment. To the extent Defendant's motion to dismiss is based on these arguments, the motion is denied without prejudice to Defendant reasserting these arguments in a later dispositive motion.

## II. ORDER

For the reasons stated above, the Court hereby **ORDERS** that Defendant CUNA Mutual Insurance Society's Motion to Dismiss or, in the alternative, Motion to Strike (Doc. 9) is **GRANTED IN PART** and **DENIED IN PART**.  Defendant's Motion to Dismiss Plaintiffs' putative class action claims is **GRANTED**.  Defendant's Motion to Dismiss Plaintiffs' individual claims is **DENIED**.  Defendant's alternative Motion to Stirke is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

s/ Cathy Bissoon<br>
Cathy Bissoon<br>
United States District Judge

February 16, 2012

cc (via e-mail):

All counsel of record.